IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| REV. JASON TIMOTHY BOLYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 625-067 |
| | ) | |
| IN RE: DECLARATORY JUDGMENT ON STATUS, | ) ) | |
| | ) | |
| Defendant.[1] | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

I.   **SCREENING THE COMPLAINT**

  A.   **BACKGROUND**

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows. Plaintiff, a resident of Metter, Georgia, lives at a personal residence that "serves simultaneously and lawfully as" a church, religious home school, religious school of prophetic study, a campaign headquarters for Plaintiff's 2028 presidential campaign, and a place of business for "Disciples Holdings Company, LLC." (Doc. no. 1, p. 2.) Plaintiff "is a duly licensed minister with lawful authority to conduct religious

---

[1] As described in Section I.B.2 *infra*, Plaintiff does not name any defendants. Nevertheless, for ease of reference, the Court uses the caption listed on the docket.

services, administer sacraments, establish ministries, and operate religious educational programs." (Id.)

Plaintiff seeks declarations on various claims relevant to his background as a minister, business owner, and 2028 presidential campaign candidate. (See generally id.) For example, he seeks a declaration that he is a "duly recognized 2028 presidential candidate with the Federal Election Commission, with a valid Candidate ID and Committee ID," and a declaration that his "residence functions as a church, a religious home school, a religious school of prophetic study, a business headquarters, and Plaintiff's personal residence, each entitled to recognition and constitutional protection." (Id. at 4.) He only seeks declaratory relief, not injunctive or monetary. (Id. at 1.) He seeks declaratory relief "to establish these facts now so that future lawsuits may proceed on a firm foundation without unnecessary relitigating of Plaintiff's legal identity, credentials, or the lawful uses of his residence." (Id. at 3.)

Plaintiff attached various exhibits to his complaint to prove the veracity of the requested declarations. (Id. at 6-33.) For example, he attached a "Credentials of Ministry" certificate, (id. at 22), and several typed documents relevant to his claims, (see, e.g., id. at 16-17 (providing relevant "Georgia Law on Establishing a Church").) Plaintiff also attached exhibits in which he states he is the target of past and ongoing crimes, including "attacks" on his personal residence and election crimes, and he claims he has been subject to defamation and violations of his religious rights. (Id. at 8-12.)

**B.   DISCUSSION**

    **1.   Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

3

### 2. There Is No Actual Controversy, and Thus, There Is No Federal Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel.* Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

Furthermore, as United States District Judge J. Randal Hall has explained:

> "Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Bochese, 405 F.3d at 974; see also Austin & Laurato, P.A. v. U.S., 539 F. App'x 957, 960 (11th Cir. 2013) ("An essential prerequisite to a federal court's power to entertain a suit is an Article III case or controversy"), *cert. denied*, 571 U.S. 1201 (2014). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." Bochese, 405 F.3d at 974.

Swanson v. Raffensperger, No. CV 122-152, 2023 WL 3485268, at *1 (S.D. Ga. May 16, 2023), *aff'd sub nom.* Swanson v. Sec'y of State, No. 23-11738, 2024 WL 80577 (11th Cir. Jan. 8, 2024), *cert. denied sub nom.* Swanson v. Raffensperger, 144 S. Ct. 1064, 218 L. Ed. 2d 244 (2024). Moreover, as Plaintiff is the party invoking federal jurisdiction here, he bears the burden of establishing standing. Id. at *2 (citation omitted).

Article III on the United States Constitution extends "[t]he judicial power of the United States' . . . only to 'Cases' and 'Controversies,' " and there are three requirements for such Article III standing: "the plaintiff must allege that he suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent'; that injury must be 'fairly traceable to

4

the challenged action of the defendant'; and it must be 'likely . . . that the injury will be redressed by a favorable decision.' " Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1268 (11th Cir. 2019) (citation omitted).

"Echoing the 'case or controversy' requirement of Article III, the Declaratory Judgment Act 'provides that a declaratory judgment may only be issued in the case of an actual controversy.'" A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co., 925 F.3d 1205, 1210 (11th Cir. 2019) (quoting Emory v. Peeler, 756 F.2d 1547, 1551-52 (11th Cir. 1985)). That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests. Emory, 756 F.2d at 1552 (citations omitted). "In order to demonstrate that there is a case or controversy that satisfies Article III's standing requirement when a plaintiff is seeking declaratory relief—as opposed to seeking damages for past harm—the plaintiff must allege facts from which it appears that there is a 'substantial likelihood that he will suffer injury in the future.'" A&M Gerber Chiropractic LLC, 925 F.3d at 1210-11 (quoting Malowney v. Federal Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999)). "Accordingly, if a plaintiff does not assert a reasonable expectation of future injury, he 'lack[s] standing to bring an action for declaratory relief[.]'" Id. at 1211 (quoting Malowney, 193 F.3d at 1348.

Here, Plaintiff's complaint is wholly devoid of an actual controversy, and thus his requests for declaratory relief must be dismissed. First, and most tellingly, Plaintiff does not name any defendants in his complaint. (See generally doc. no. 1.) Rather, he seeks declarations untethered to any dispute involving adverse parties. (See id.) Because there are no adverse parties, there is certainly no "substantial continuing controversy" between adverse parties. Emory, 756 F.2d at 1552. Accordingly, Plaintiff lacks standing to bring this action

for declaratory relief, and the case could be dismissed for this reason alone.

Moreover, the body of the complaint does not allege Plaintiff will suffer any future injury, much less does it establish a substantial likelihood of future injury. (See doc. no. 1, pp. 1-4.) Rather, Plaintiff attempts to establish injury in some of the attached exhibits, in which he describes that he has been the subject of various attacks, including gunfire on his residence, and has been the victim of various crimes. (Id. at 8-12.) However, these allegations do not demonstrate injury for several reasons.

First, Plaintiff cannot rely on exhibits as a means for providing a factual basis for his complaint. But even if the Court considered this exhibit properly incorporated in his complaint, Plaintiff still fails to show a substantial likelihood of future injury that is not hypothetical or conjectural. His allegations of ongoing targeting and attacks are too vague and conclusory for the Court to find Plaintiff faces a substantial likelihood of future harm. Beyond one passing reference to "gunfire," Plaintiff does not explain in concrete terms the types of attacks he purportedly experiences, nor does he provide any other particularized context. (See id. at 8-12.) He also takes issue with law enforcement's alleged failure to properly document these incidents because officers refuse to recognize Plaintiff as a 2028 presidential candidate in their reports. (Id. at 8-9.) Significantly, Plaintiff does not explain how these past attacks and apparent indifference by law enforcement give rise to a reasonable expectation of a future attack. Without further specific factual support, Plaintiff's contention "[t]he crimes have already occurred, they are occurring now, and they will continue to occur if left unchecked" is far too speculative an assertion for the Court to conclude a substantial risk of future injury is imminent. (Id. at 9.) Therefore, Plaintiff fails to establish he faces substantial likelihood of future injury, and he thus lacks standing to seek declaratory relief for this reason as well.

6

Even if the Court found Plaintiff sufficiently alleged a reasonable expectation of future injury, his complaint should still be dismissed because he fails to establish other necessary elements of Article III standing. Plaintiff does not establish his injury is "fairly traceable to the challenged action of the defendant," Cordoba, 942 F.3d at 1268, because he does not name any defendants or even describe any individuals whose interests are adverse to his. (See generally doc. no. 1.) His references to law enforcement and government officials are insufficient because they are merely vague insinuations. Plaintiff further fails to show redressability because he does not show the requested declarations about his various statuses will thwart future "attacks" or prevent government officials from dismissing his claims. Accordingly, because he does not establish either of these standing elements, his case should be dismissed.

In sum, Plaintiff does not have standing to pursue the declarations he seeks because he fails to show any necessary element of standing.

### 3. Any Potential State Law Claim Should Be Dismissed Without Prejudice

To the extent Plaintiff may have any viable state law claims,[2] they should be dismissed without prejudice so that Plaintiff may pursue them, if he so chooses, in state court. Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental

---

[2] For example, he mentions defamation. (Doc. no. 1, p. 11.)

jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined that there is no federal subject matter jurisdiction. Thus, the Court concludes the federal courts do not retain jurisdiction over any potential state law claims, and any such claims should be dismissed without prejudice. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well.").

## II. CONCLUSION

The Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** based on lack of federal subject-matter jurisdiction, any potential state law claims be **DISMISSED WITHOUT PREJUDICE**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of November, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA